# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| J & J SPORTS PRODUCTION, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:10-cv-00226-ESH |
| HUMPHRIES ENTERPRISES, LLC, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Plaintiff has brought suit contending that defendant unlawfully intercepted and redirected plaintiff's satellite signal for commercial advantage or private financial gain. Plaintiff's central claim is that defendant's conduct violated 47 U.S.C. § 605(a). Defendant has moved to dismiss all causes of action pursuant to Federal Rules of Civil Procedure 12(b)(1), arguing that plaintiff has failed to allege subject matter jurisdiction and that D.C. Code Ann. § 29-101.119 prevents plaintiff from bringing suit in the District of Columbia. Based on a consideration of the pleadings and the relevant law, the Court concludes that neither argument has merit, and defendant's motion will therefore be denied.

## BACKGROUND

J & J Sports Productions, Inc. ("J & J Sports") alleges that it was granted, through contract, the right to broadcast the program "The Epic Battle Continues: Kelly Pavlik v. Jermain Taylor II" ("Program"). (*See* Compl. ¶ 8.) The Program was disseminated via closed circuit television or encrypted satellite signal and aired on February 16, 2008. (*Id*.) Plaintiff contends

that on the same date, at the "H Street Martini Lounge" in Washington D.C., defendant Humphries Enterprises, LLC, either via an illegal satellite receiver or an unlawful cable converter box, intercepted plaintiff's broadcast of the Program and re-transmitted it to various cable and satellite systems. (*Id*. ¶ 11.) It was through one of these allegedly unlawful satellite systems, plaintiff asserts, that the "H Street Martini Lounge" exhibited the Program in violation of 47 U.S.C. § 605(a), Unauthorized Publication or Use of Communications, and, therefore, that plaintiff J & J Sports is entitled to sue under 47 U.S.C. § 553(c).

## ANALYSIS

I. **SUBJECT MATTER JURISDICTION**

On a motion to dismiss pursuant to Rule 12(b)(1), plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The Court must accept all factual allegations in the complaint as true and give plaintiff the benefit of all reasonable inferences from the facts alleged. *See Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005). A court may dismiss for lack of subject matter jurisdiction only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Richardson v. United States*, 193 F.3d 545, 549 (D.C. Cir. 1999) (quoting *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1086 (D.C. Cir.1998)). Moreover, where a court's subject matter jurisdiction is called into question, the court may consider matters outside the pleadings to ensure it has power over the case. *Teva Pharm., USA, Inc. v. U.S. Food & Drug Admin.*, 182 F.3d 1003, 1008 (D.C. Cir. 1999).

While plaintiff fails to cite the relevant jurisdictional statutes in its complaint, it is clear from the face of the complaint that the Court has subject matter jurisdiction. In fact, as defendant conceded (*see* Def.'s Mot. at 2 n.1), plaintiff's allegations trigger 28 U.S.C. § 1331 "federal question" jurisdiction because 47 U.S.C. §§ 553 and 605 are implicated. (*See* Pl.'s Opp. to Mot. to Dismiss at 2.) Also, the diversity of the parties establishes an alternative basis for subject matter jurisdiction under 28 U.S.C. § 1332. Moreover, affirmative pleading of the precise statutory basis for jurisdiction is not required as long as the complaint alleges sufficient facts to establish jurisdiction. *See Nat'l Air Traffic Controllers Assoc. v. Fed. Serv. Impasses Panel*, No. 08-5479, 2010 WL 2160832, at *6 (D.C. Cir. June 1, 2010). The Court finds plaintiff has alleged sufficient facts to establish federal subject matter jurisdiction under 47 U.S.C. §§ 553 and 605.

## II.  PLAINTIFF'S RIGHT TO SUE IN THE DISTRICT OF COLUMBIA

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2). "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan*, 504 U.S. at 560. Standing requires, *inter alia*, that a plaintiff demonstrate that he has suffered an "injury in fact," *i.e.*, the invasion of a legally protected interest that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id*. (internal quotation marks omitted). Moreover, "the Supreme Court has recognized that 'Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute.'" *Zivotofsky ex rel. Ari Z. v. Sec'y of State*, 444 F.3d 614, 617 (D.C. Cir. 2006) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n.3, 93 (1973)).

Plaintiff has filed suit pursuant to 47 U.S.C. §§ 553 and 605. Specifically, the statute provides that any "person aggrieved by any violation of any subsection of this section. . . may bring a civil action in a United States district court or in any other court of competent jurisdiction." 47 U.S.C. § 553(c)(1). Given that § 605(e)(4) prohibits the unauthorized reception and publication or use of communications, and plaintiff's contentions, if true, would qualify plaintiff as a "person aggrieved" under the statute, J & J has statutory standing.

Defendant contends, however, that D.C. Code Ann. §§ 29-101.99 and 29-101.119, when read *in par materia*, preclude plaintiff from bringing suit in this Court. In particular, defendant cites § 29-101.99 (a), which reads in relevant part: "A foreign corporation shall procure a certificate of authority from the Mayor before it transacts business in the District." Defendant also cites § 29-101.119 (a) which, in pertinent part, states:

> No foreign corporation which is subject to the provisions of this chapter and which transacts business in the District without a certificate of authority shall be permitted to maintain an action at law or in equity in any court of the District until such corporation shall have obtained a certificate of authority. . . .

Defendant argues that J & J, a foreign corporation, violated this provision because it transacted business in the District without a certificate of authority, and therefore, under § 29-101.119 (a), it cannot maintain an action at law or in equity in any court of the District. This argument, however, is unavailing. D.C. Code §§ 29-101.99 and 29-101.119 are not triggered in this case because plaintiff's cause of action is not derivative of, and therefore not precluded by, District of Columbia law. This conclusion is compelled both textually, as the Code reads that an unregistered corporation may not bring suit in "any court *of* the District" rather than "any court *in* the District," § 29-101.119(a) (emphasis added), as well as constitutionally because a District statute cannot limit federal question jurisdiction. *See Jane Lyons Advertising, Inc. v. Cook*, No.

97-01069, 1998 WL 164775, at *4 (D.D.C. Mar 31, 1998) (finding that "door closing statutes," such as § 29-101.119(a), apply only to federal diversity jurisdiction and are therefore not an impediment to federal question jurisdiction). As a corollary, a party that alleges injury recognized by congressional statute will necessarily have standing. *See Zivotofsky*, 444 F.3d at 617. Because 47 U.S.C. §§ 553 and 605 govern this case, there is standing under federal law and D.C. Code §§ 29-101.99 and 29-101.119 are not a bar to suit.[1]

## CONCLUSION

For the aforementioned reasons, Defendant's motion to dismiss is DENIED. A separate order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATED: June 4, 2010

---

[1] For this reason, defendant cannot invoke the "Truitt Doctrine," which stands for the proposition that "a contract made in violation of a licensing statute that is designed to protect the public will usually be considered void and unenforceable." *Truitt v. Miller*, 407 A.2d 1073, 1079 (D.C. 1979). This doctrine provides no limitation on federal question jurisdiction; it is only applicable if the Court were proceeding under diversity jurisdiction. Indeed, all of the cases relied on by defendant involved local, not federal, law. (*See* Def.'s Mot. to Dismiss at 7.)

5